UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARGOT SIEGEL, <u>et al.</u> | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 00-2896 (GK) |
| KLINGLE CORPORATION, <u>et al.</u> | : |
| Defendants | : |

**FILED**

AUG 1 3 2002

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### MEMORANDUM OPINION

Plaintiffs, Margot and Lloyd Siegel, bring this negligence action against various Defendants[1] for damages sustained as a result of a slip and fall. Defendant SBA Network Services, Inc. moves for summary judgment in its favor. Upon consideration of the motion, opposition, reply, and the entire record herein, Defendant's Motion for Summary Judgment is **denied**.

### I. BACKGROUND

This action arises out of a slip and fall incident at the Kennedy-Warren apartment building in the 3100 block of Connecticut Avenue Northwest in the District of Columbia. On October 28, 1998, Plaintiff Margot Siegal fell after exiting her car in the Kennedy-

---

[1] Defendants are Klingle Corporation, Sprint PCS, SBA Network Services, Com-Net Construction Services, and Computer Power Wireless, Inc., business corporations that regularly engage in commerce, and derive substantial revenues, in the District of Columbia.



Warren garage. Plaintiff alleges that her fall was caused by waste material left on the garage floor after an overhead wiring installation. Plaintiff states that the waste material, a small steel cylinder[2], presented a dangerous and defective condition that led to a shoulder injury severe enough to necessitate surgery. Plaintiff Lloyd Siegal alleges loss of consortium due to his wife's injury.

Defendant Sprint PCS was hired to perform the installation of wiring. It is undisputed that Sprint PCS subcontracted the wiring work out to Defendant SBA Network Services, Inc, ("SBA"),[3] who, in turn, subcontracted the work out to Computer Power and Wireless, Inc. ("CPW") and Atlantic High Climbers ("AHC").[4] See Affidavit of Thomas Horton (Attached as Ex. 1 to Def.'s Mot.) at 1-2.

## II. STANDARD OF REVIEW

A motion for summary judgment should be granted if the moving party demonstrates that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P 56c; see Celotex Corp. v. Catrett, 477 U.S. 317, 322,

---

[2] Plaintiff claims that she did not see the steel cylinder prior to the accident. The cylinder was 1/4" in diameter and less than 1" in length.

[3] Sprint PCS had originally subcontracted the wiring work to Com-Net Construction Services, Inc. SBA Network Services has since acquired Com-Net.

[4] Atlantic High Climbers has not been named as a Defendant in this action.

106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering whether there is a triable issue of fact, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in its favor." Anderson v. Liberty Lobby, 477 U.S. 242, 255 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific fact showing that there is a genuine issue for trial." Id. at 248, 106 S.Ct. 2505. Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992) (quoting Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982); Washington Post Co. v. United States Dep't of Health and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989).

## III. ANALYSIS

SBA argues that it is not liable for Plaintiffs' injuries as a matter of law because it subcontracted the wiring work to CPW and AHC. As a general rule, an employer or contractor is not liable for the negligent acts of its independent contractor. Wilson v. Good Humor Corp., 757 F.2d 1293, 1301 (D.C. Cir. 1985); Washington Air Compressor Rental Co. v. Nat'l Union Ins. Co., 165 A.2d 482, 485 (D.C. App. 1960); see also RESTATEMENT (SECOND) OF TORTS § 409 (1965). However, this rule is by no means absolute, and in some

circumstances "even an independent contractor may still subject his contracting employer to liability." Wadley v. Aspillaga, 163 F.Supp.2d 1, 7 (D.D.C. 2001) (quoting Safeway Stores, Inc. v. Kelly, 448 A.2d 856, 861 (D.C. 1982); see also Bailey v. Zlotnick, 149 F.2d 505, 506 (D.C. Cir. 1945) (stating an employer's liability for independent contractor depends on whether employer had a duty to injured party); Vale v. Bonnett, 191 F.2d 334, 337 (D.C. Cir. 1951)(stating an employer's liability for independent contractor depends on character and place of work to be done); RESTATEMENT (SECOND) OF TORTS §§ 409-429 (1965).

To determine whether a contractor such as SBA is liable for the actions of a subcontractor, a court must look to see whether the subcontractor is an "independent" contractor. If the subcontractor is not independent, SBA is liable. The test for determining whether a contractor is independent is "whether the employer has the right to control and direct the servant in the performance of his work and the manner in which the work is to be done." Wilson v. Good Humor Corp., 757 F.2d 1293, 1302 (D.C. Cir. 1985) (quoting Dovell v. Arundel Supply Corp., 361 F.2d 543, 544 (D.C. Cir. 1966). The rationale for this rule is that "employers should not be held responsible for activities they do not control". Wilson v. Good Humor Corp., 757 F.2d 1293, 1301 (D.C. Cir. 1985).

Even if a subcontractor is found to be "independent", a contractor may still be liable for a variety of reasons, such as

negligent selection of the independent contractor, or retention of control by the original contractor over the work of the independent contractor.

After consideration of the pertinent pleadings and the affidavit filed in support of the Motion for Summary Judgment, the Court finds that the motion shall be denied for the following three reasons.

First, there are no facts in the record establishing that CPW and AHC are "independent" of SBA. In fact, the only evidence put forward by Defendant in support of the Motion for Summary Judgment is a single affidavit. That affidavit is of no help whatsoever, as it states only that SBA did not conduct work on the premises and instead subcontracted the work to CPW and AHC. See Horton Aff. Ex. 1 at 1-2. The affidavit contains no facts that explain the nature of the employment relationship between SBA and its subcontractors, nor does it indicate whether that relationship qualifies as "independent". For example, there are no facts pertaining to the amount of control SBA had over CPW and AHC.

Second, even if there were facts showing that the relationship between SBA and its subcontractors was independent, SBA could still be held liable under one of the exceptions to the general rule that contractors are not responsible for the negligence of their independent contractors. For example, one exception recognized by this jurisdiction assesses whether the original contractor knew

that the independent contractor was not competent to perform the work but hired him or her anyway. See Wilson v. Good Humor Corp., 757 F.2d 1293, 1309 (D.C. Cir. 1985)(recognizing the doctrine of negligent selection). Another exception evaluates whether the original contractor retained control over the work being performed by the independent contractor. See Washington Air Compressor Rental Co. v. Nat'l Union Ins. Co., 165 A.2d 482, 485 (D.C. App. 1960). There are issues of material fact in dispute with respect to these exceptions.

Third, the Court finds that SBA has failed to comply with Local Rule 7.1 (h), which demands that a Motion for Summary Judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue. Defendant totally failed to comply with this requirement by not submitting a Local Rule 7.1 statement. The Court could deny summary judgment on that basis alone.

## IV. CONCLUSION

For all the foregoing reasons, the Court **denies** Defendant's Motion for Summary Judgment. An Order will issue with this Opinion.

Aug. 13, 2002
Date

Gladys Kessler
U.S. District Judge